**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X
ADRIAN MARCU, et al.,

                Plaintiffs,
      -against-                               18 **CIVIL** 11184 (JMF)

                                                      **JUDGMENT**

CHEETAH MOBILE INC, et al.,

                Defendants.
-------------------------------------------------------------X

      It is hereby **ORDERED, ADJUDGED AND DECREED:** That for the reasons stated in the Court's Opinion and Order dated July 16, 2020, Defendants' motions to dismiss are GRANTED, and Plaintiffs' Complaint is dismissed in its entirety. The only remaining question is whether Plaintiffs should be granted leave to amend. Although leave to amend a complaint should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), and leave is often granted when the complaint is dismissed under Rule 9(b), see ATSI Commc'ns, 493 F.3d at 108, it is ultimately "within the sound discretion of the district court to grant or deny leave to amend," McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). Here, Plaintiffs conspicuously do not request leave to amend, and the Court has declined to grant them leave to amend sua sponte. First, a district court may deny leave to amend where amendment would be futile. *See Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015). In light of the Court's reasoning regarding falsity, there is nothing to suggest that, if the Court were to grant leave to amend, Plaintiffs would be able to state a valid claim. *See, e.g.*, *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive . . . it is not an abuse of discretion to deny leave to amend."). Second, Plaintiffs were previously granted leave to amend the complaint to cure the deficiencies raised in the present motions to dismiss — and expressly warned that they would "not be given any further opportunity to amend the complaint to address issues

raised by the motion to dismiss." ECF Nos. 38, 53. Plaintiffs availed themselves of that opportunity to amend, *see* ECF No. 56, and need not be given yet another opportunity, *see, e.g.*, *Transeo S.A.R.L. v. Bessemer Venture Partners VI L.P.*, 936 F. Supp. 2d 376, 415 (S.D.N.Y. 2013) ("Plaintiff's failure to fix deficiencies in its previous pleadings is alone sufficient ground to deny leave to amend *sua sponte*." (citing cases)). Finally, as noted, Plaintiffs have not "requested permission to file a [Third] Amended Complaint" or "given any indication that [they are] in possession of facts that would cure the problems identified" above. *Clark v. Kitt*, No. 12-CV-8061 (CS), 2014 WL 4054284, at *15 (S.D.N.Y. Aug. 15, 2014); accordingly, the case is closed.

**Dated:**  New York, New York

       July 16, 2020

**RUBY J. KRAJICK**

**Clerk of Court**

**BY:**  *K. Mango*

**Deputy Clerk**